Ms. Stacey Witherell Employee Services Manager Human Resources Department City of Little Rock 500 W. Markham, Suite 130W Little Rock, AR 72201-1428
Dear Ms. Witherell:
This is in response to your request for an opinion regarding application of the Arkansas Freedom of Information Act ("FOIA"), which is codified at A.C.A. 25-19-101 et seq. (Repl. 1996 and Supp. 1999). Your request is submitted pursuant to A.C.A. 25-19-105(c)(3) (Supp. 1999) (authorizing the custodian, requester, or subject of personnel or evaluation records to seek an opinion from the Attorney General).
You report that on December 4, 2000, the city of Little Rock received an FOIA request from the attorney of a former or current Little Rock employee who is apparently involved in some undesignated dispute with the city. In the request, counsel seeks disclosure of various documents, including a memorandum from another city employee's supervisor to a division manager listing alleged infractions and recommending that the employee be disciplined. You report that after receiving the memorandum, the supervisor and division manager decided not to take any disciplinary action. You have limited your request to this memorandum, which you interpret as "not releasable because it did not form the basis of a suspension or termination of employment."
Assuming the memorandum is limited to the subject matter you have described — an assumption consistent with the employee's counsel's characterization in his request — I agree that the document cannot be disclosed under the FOIA. My predecessors and I have consistently opined that records which detail the performance or lack of performance of an employee are properly classified as employee evaluation or job performance records. See, e.g., Ark. Ops. Att'y Gen. Nos. 99-421; 97-222; 95-351; 94-306; 93-055. As described, the memorandum clearly appears to qualify. Under the provisions of the FOIA, "employee evaluation or job performance records" are disclosable only if the following conditions have been met:
 (1) There has been a final administrative resolution of any suspension or termination proceeding;
 (2) The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 (3) There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1). Since there was apparently no suspension or termination in this case, much less one based upon the memorandum and one of compelling public interest, I do not believe the memorandum may be disclosed.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP/JHD:cyh